**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-01613 DOC (PLAx)                                         Date: February 1, 2011

Title: NORA GARIBOTTI v. THE STANDARD FIRE INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, AND DOES 1 TO 25

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT; DENYING MOTION TO DISMISS

     Before this Court is Defendants' The Standard Fire Insurance Company's and Travelers Property Casualty Insurance Company's (collectively, "Defendants") Notice of Removal filed on October 21, 2010 (Docket 1) ("Notice of Removal") and Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) (Docket 8) ("Motion to Dismiss"). For the reasons stated below, the Court hereby REMANDS this case to the Orange County Superior Court.

    I.    **BACKGROUND**

     Joey Bishop allegedly owned a Homeowners Insurance Policy with Defendants. Notice of Removal Exh. A ("Complaint") ¶ 5. The Insurance Policy was part of the Joey and Sylvia Bishop Revocable Trust (the "Trust"). *Id*. at ¶ 6. On October 17, 2007, Joey Bishop passed away. *Id*. at ¶ 8. In October or November 2008, personal property allegedly covered by the Insurance Policy was moved from Joey Bishop's residence into a storage facility for alleged safekeeping. *Id*. at ¶ 9. In May or June 2009, Plaintiff Nora Garibotti ("Plaintiff"), as beneficiary of the Trust, allegedly discovered that the Insured Property in storage had been stolen, lost, damaged, or destroyed. *Id*. at ¶ 11. On or about February 28, 2010, Myles Hymes, as Trustee for the Trust, assigned to Plaintiff any and all claims that the trust may hold for damage to personal property insured under the Insurance Policy. *Id*. at ¶ 12. On or about March 24, 2010, Plaintiff reported the loss of the insured property to the insurance agent

GNW-Evergreen Insurance Services. *Id.* at ¶ 13. In April 2010, Defendants informed Plaintiff that the claim was denied, allegedly stating that the claim was untimely because it was not submitted within one year of the occurrence causing loss or damage. *Id.* at ¶¶ 15-16. Plaintiffs subsequently filed a complaint against Defendants on August 10, 2010, in Orange County Superior Court, Case No. 00398004, alleging: (1) breach of covenant of good faith and fair dealing; and (2) breach of contract. On October 21, 2010, Defendants removed the action to this Court.

## II.     LEGAL STANDARD

A defendant may remove a case to federal court if the federal court would have jurisdiction over the case. *See* 28 U.S.C. § 1441. The removing party bears the burden of showing that jurisdiction exists "and the removal statute is strictly construed against removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Remand is proper where the defendant fails to carry this burden. 28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. The longstanding rule is that the amount in controversy requirement is satisfied if the plaintiff's good faith allegations put more than $75,000 in issue unless the court is convinced "to a legal certainty" that plaintiff cannot recover more than $75,000. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

In cases where a defendant seeks removal, the "legal certainty" rule only applies if the complaint specifically alleges damages in excess of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). However, where a plaintiff's complaint leaves the amount in controversy unclear or ambiguous, the burden rests with the removing defendant to show by a preponderance of the evidence that the figure in issue is greater than $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567; *Sanchez*, 102 F.3d at 403. This extends from the principle that a party seeking adjudication in federal court bears the burden of proving by a preponderance of the evidence that he or she belongs there. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780 (1936).

## III.    DISCUSSION

Plaintiff's initial complaint does not state an amount in controversy in excess of $75,000. Plaintiff's original complaint was filed in state court and alleges two claims against Defendant: (1) breach of the covenant of good faith and fair dealing; and (2) breach of contract under the Insurance Policy. Due to these alleged violations, Plaintiff seeks only *unspecified* general damages, special damages, punitive damages, costs, and attorneys fees. Nowhere in the original complaint does Plaintiff expressly allege a specific amount in controversy, let alone one that exceeds the $75,000 as required under 28 U.S.C. 1332(a). Due to the unclear amount in controversy on the face of Plaintiff's complaint, the "burden rests with the removing defendant to show that the figure in issue is greater than $75,000."

*Gaus*, 980 F.2d at 567.

   Moreover, Defendants fail to prove by a preponderance of the evidence an amount in controversy in excess of $75,000.  Defendants claim that the amount in controversy exceeds $75,000 due to the "nature of Plaintiff's causes of action, the alleged stolen property in excess of $92,000 Plaintiff claims she is due [under the Insurance Policy], as well as the variety of damages sought."  Notice of Removal ¶ 8.  However, like the Plaintiff's Complaint, the majority of the damages alleged in the Notice of Removal are *unspecified*; the only dollar amount given is the $92,000 based on the appraised value of property listed as stolen from a police report.  Defendants failed to show how much of the $92,000 the Plaintiff will seek as relief, nor do the Defendants make any attempt to allege that any of that property is covered under the Policy.  Defendants have failed to prove by a preponderance of the evidence that the Plaintiff has alleged an amount in controversy in excess of $75,000.  Accordingly, remand is warranted.

   **IV. DISPOSITION**

   Due to the lack of federal subject matter jurisdiction, this case is hereby REMANDED to the Orange County Superior Court.  Accordingly, Defendants Motion to Dismiss is DENIED AS MOOT.

   The Clerk shall serve this minute order on all parties to the action.